UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :    CRIM NO: 24-CR-170 |
| v. | : |
| JOHN C. WORRELL, III | : |
| Defendant. | : |

## DEFERRED PROSECUTION AGREEMENT

This letter conveys the details of the government's offer of a Deferred Prosecution Agreement (DPA) to your client, for Case Number 24-CR-170. The defendant was charge via Information in case number 24-CR-170 with one count of theft of governmental property, in violation of 18 U.S.C. 641 and one count of interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. 2312. The government has determined that the interests of the United States and the public, as well as the defendant's interests, will be best served by deferring prosecution of this case in this district.

By signing this agreement ("Deferred Prosecution Agreement"), the defendant admits to the conduct described in the attached statement of offense, agrees that the government could prove that the conduct violated the provisions of the statutes and acknowledges responsibility for his conduct. Furthermore, both you and the defendant agree that the attached statement of offense is accurate. The period of deferred prosecution will be administered under the supervision of the United States Pretrial Services Agency ("Pretrial Services") and an assigned Pretrial Services Officer ("PSO")") in Washington, D.C., Virginia or some other appropriate district. Once this Deferred Prosecution Agreement is executed by all parties, the United States Attorney's Office for the District of Columbia agrees that prosecution of the defendant shall be deferred for a period of 1 year from June 27, 2024 provided the defendant abides by all of the following conditions of this Deferred Prosecution Agreement.

The conditions listed here, along with any additional conditions imposed by the Court or Pretrial Services, supersede and replace all pretrial conditions of release to which the defendant is currently subject. These conditions may be altered by consent of the parties, upon approval by the Court.

## CONDITIONS OF DEFERRED PROSECUTION

By signing this Deferred Prosecution Agreement, the defendant agrees to be bound by its conditions of deferred prosecution. Specifically, the defendant shall:

(1) Answer truthfully all inquiries by the PSO, follow the PSO's instructions, and abide by any additional conditions imposed by the PSO;

(2) Report to the PSO as directed by the PSO;

(3) Not violate any law, ordinance, or regulation (federal, state or commonwealth or local);

(4) Not possess weapons of any kind;

(5) Not consume drugs other than those which the Defendant is prescribed by a health care professional;

(6) To the extent feasible, advise the PSO within forty-eight (48) hours if arrested and/or questioned by any law enforcement officer. If the defendant is unable to contact the PSO within forty-eight (48) hours, the defendant will take reasonable steps to alert his PSO as soon an possible;

(7) Notify the PSO at least thirty (30) days prior to any change of residence, and not make any such change without prior PSO approval;

(8) Permit the PSO to visit the defendant at any time at home or elsewhere;

(9) Not associate with any person the defendant knows, or has reason to know, is engaged in criminal activity and not associate with any person the defendant knows, or has reason to know, has been convicted of a felony, unless granted permission to do so by the PSO;

(10) The defendant will stay away from the FBI building located on 935 Pennsylvania Avenue, NW, Washington, D.C. and the Terrorist Screening Center located in Vienna, Virginia.

(11) The defendant will participate in and receive any appropriate mental health treatment; comply with any terms of treatment established by the Court or medical and/or mental health professionals, including, but not limited to, any medication regimen established by medical and/or mental health professionals, including signing any release forms to allow the U.S. Pretrial Services Office to ensure compliance with his terms of release. The defendant will continue to be treated by Stephanie Hughes of Dynamic Emotion Wellness.

If, upon completion of the defendant's period of deferred prosecution, a deferred prosecution report is received by the United States Attorney's Office for the District of Columbia from Pretrial Services verifying that the defendant has complied with all the conditions of deferred prosecution set forth above, no criminal prosecution of this case will be re-initiated by the United States Attorney's Office for the District of Columbia, and the United States Attorney's Office for the District of Columbia will move to dismiss the Information with prejudice.

Should the defendant violate any of the conditions of deferred prosecution set forth above, the United States Attorney's Office for the District of Columbia may at any time: (1) revoke or modify any of the conditions of deferred prosecution; (2) lengthen the period of deferred prosecution; and/or (3) terminate deferred prosecution and reinitiate prosecution of these cases.

Any decision to revoke, modify, lengthen, or terminate deferred prosecution rests solely with the United States Attorney's Office for the District of Columbia in its exclusive discretion. At the time the United States Attorney's Office for the District of Columbia makes any such decision, it will furnish counsel for the Defendant with written notice specifying the condition(s) of deferred prosecution that the defendant has violated and the reasons why deferred prosecution is being revoked, modified, lengthened, or terminated.

The defendant understands that in the event he fails to comply with the terms of the deferred prosecution agreement, in any prosecution that is deferred by this Deferred Prosecution Agreement, the government may offer all or part of the factual statements set forth above at any stage of the criminal proceedings for any purpose. The defendant agrees that he shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such statement should be suppressed or is inadmissible. The defendant understands that he is waiving any and all rights in the foregoing respects.

Should prosecution of the defendant for the charged offense in this case be reinitiated by the United States Attorney's Office for the District of Columbia, the defendant agrees that any period of delay in prosecution occasioned by this Deferred Prosecution Agreement shall be excluded from consideration as to any rights the defendant may have to a speedy trial under the Sixth Amendment to the United States Constitution, the Speedy Trial Act (18 U.S.C. 3161 et seq.),[1] the Federal Rules of Criminal Procedure (including Rule 48(b)), and/or the applicable statute of limitations.

In the District of Columbia, Pretrial Services is located at 333 Constitution Avenue, N.W., Suite 2507, Washington, D.C. 20001. By executing this Deferred Prosecution Agreement, the defendant acknowledges that supervision of his period of deferred prosecution may be transferred to another Judicial District and/or Branch Office of Pretrial Services.

This Deferred Prosecution Agreement will be effective only upon signature of the undersigned Assistant United States Attorney, the defendant, the defendant's counsel, and upon approval by the Court of the agreed-upon terms of pretrial release.

Sincerely yours,

*[signature]*

MATTHEW GRAVES
United States Attorney

---

[1] The exclusion of time from any Speedy Trial Act calculations due to a deferred prosecution agreement is specifically authorized by 18 U.S.C. 3161(h)(2), which expressly authorizes the exclusion of time when prosecution is delayed by the government pursuant to a written agreement with the defendant, with the approval of the Court, for the purpose of allowing the defendant to demonstrate his good conduct. *See United States v. Fokker Servs. B.V.*, 818 F.3d 733, 738 (D.C. Cir. 2016).

By: /s/ Shehzad Akhtar
SHEHZAD AKHTAR
Assistant United States Attorney
Federal Major Crimes
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20004
Shehzad.Akhtar@usdoj.gov
202-252-7498

## DEFENDANT'S ACCEPTANCE

I, John C. Worrell, III have read this Deferred Prosecution Agreement and have carefully reviewed it with my attorney. I understand it, I voluntarily, knowingly, and willfully agree to it, as well as to the conditions of my deferred prosecution, without force, threat or coercion. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representations of my attorneys in this matter.

_____         06 / 26 / 2024
John C. Worrell, III                                        Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I, Jay Mykytiuk, have carefully read and discussed every part of this Deferred Prosecution Agreement with my client, John Worrell. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to agree to everything as set forth in this Agreement.

_____         06 / 26 / 2024
Jay Mykytiuk                                              Date
Attorney for Defendant

**Dropbox** Sign                                                                                          Audit trail

| | |
|---|---|
| **Title** | Deferred Prosecution Agreement6_26_Worrell__final.pdf |
| **File name** | Deferred%20Prosec...orrell__final.pdf |
| **Document ID** | c8328bb46d5c5a4e3b7ef7e7717f926176788c75 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT** — 06 / 26 / 2024 15:06:16 UTC
Sent for signature to John Worrell (lauren.worrell03@gmail.com) and Jay Paul Mykytiuk (jpm@monumentlegal.com) from jpm@monumentlegal.com
IP: 71.191.219.190

**VIEWED** — 06 / 26 / 2024 15:08:32 UTC
Viewed by Jay Paul Mykytiuk (jpm@monumentlegal.com)
IP: 71.191.219.190

**SIGNED** — 06 / 26 / 2024 15:08:45 UTC
Signed by Jay Paul Mykytiuk (jpm@monumentlegal.com)
IP: 71.191.219.190

**VIEWED** — 06 / 26 / 2024 15:20:54 UTC
Viewed by John Worrell (lauren.worrell03@gmail.com)
IP: 71.115.140.77

**SIGNED** — 06 / 26 / 2024 15:21:12 UTC
Signed by John Worrell (lauren.worrell03@gmail.com)
IP: 71.115.140.77

**COMPLETED** — 06 / 26 / 2024 15:21:12 UTC
The document has been completed.